114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donna M. BETTS, Plaintiff-Appellant,
v.
CONTAINER CORPORATION OF AMERICA, and its Agents, Successors
and Assigns, Defendants-Appellees.
 No. 95-1064.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 6, 1997.[1]
Decided May 7, 1997.
Rehearing Denied June 5, 1997.
 
 Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The events that form the basis for this case occurred, unbelievably, almost a dozen years ago. Had the case moved swiftly, it would have been closed long ago. But because it has dragged on so long, the plaintiff Donna Betts gets the benefit of a recent Supreme Court decision which breathes new life into one of her claims.
 
 
 2
 Betts was hired by the Container Corporation of America (CCA) in March of 1980. She was fired on October 10, 1985. After being shown the door, she filed a charge with both the Illinois Human Rights Department and the Equal Employment Opportunity Commission, alleging that her termination was racially motivated. Subsequent to her termination, she applied for unemployment benefits, which CCA opposed. Betts then tacked on another charge against CCA, alleging that its opposition to her unemployment claim was lodged in retaliation for her earlier discrimination claim.
 
 
 3
 The EEOC found no basis for Betts' claim of racial discrimination. It closed the book on that claim and issued a "notice of right to sue" letter on September 25, 1986. Betts did not sue, although she did ask the EEOC to vacate its finding. The EEOC did not favorably respond to the request for reconsideration and did nothing to lead Betts to think that its position was going to change.
 
 
 4
 Six years passed. In October of 1993 the EEOC issued a right-to-sue letter based solely on Betts' claim of retaliation. Betts then filed this suit, pro se, raising both the race and retaliation claims. CCA moved for summary judgment and the district court granted the motion. The court concluded that the race claim was time-barred and the retaliation claim was a loser because title VII affords no remedy for post-termination retaliation against former employees. Betts appealed, again pro se, but we asked a lawyer, Mitchell Franzen, to take up Betts' claim of retaliation as an amicus curiae. Briefing in the case was completed in 1996.
 
 
 5
 The district court correctly concluded that Betts' race claim was barred because it was not timely filed. In dismissing the retaliation claim, however, the district court relied on Reed v. Shepard, 939 F.2d 484 (7th Cir.1991), which appeared to doom the claim. After the district court acted, however, we decided Veprinsky v. Fluor Daniel, Inc., 87 F.3d 881 (7th Cir.1996), which moved away from the reasoning employed in Reed. And then, in February of 1997, the Supreme Court held that former employees were covered under title VII of the Civil Rights Act of 1964 because the Act was not limited to protecting only current employees. Robinson v. Shell Oil Co., 117 S.Ct. 843 (Feb. 18, 1997). Robinson means that Betts' retaliation claim has risen from the dead and must be remanded to the district court for further proceedings.
 
 
 6
 In remanding, we note that CCA also asked the district court to dismiss the retaliation charge as moot. The court, however, did not consider that defense. While mootness here may indeed be a valid defense because Betts ultimately did receive the contested unemployment benefits, we leave it to the district court in the first instance to decide whether mootness here can carry the day for CCA.
 
 
 7
 For these reasons, the judgment below is reversed in part and the case is remanded for further proceedings consistent with this order.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f). The oral argument scheduled for May 15, 1997, is canceled