# Starting Date for Calculating the Term of an Interim United States Attorney

Under 28 U.S.C. § 546(c)(2), the 120-day term of an interim United States Attorney appointed by the Attorney General is calculated from the date of the appointment, rather than the date on which the vacancy occurred.

March 10, 2000

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

You have asked for our opinion whether the 120-day term of an interim United States Attorney appointed by the Attorney General begins to run on the date of the vacancy or on the date of the appointment. See 28 U.S.C. § 546 (1994). Although under a number of statutes the term of service is calculated from the date of the vacancy,[1] the 120-day period in § 546(c)(2) is calculated from the date of the appointment by the Attorney General.

Subsection 546(a) provides that the Attorney General may, subject to certain limitations, "appoint a United States attorney for the district in which the office of United States attorney is vacant." Subsection 546(c), in turn, delimits the term during which such a United States Attorney may serve. Under that provision, a United States Attorney appointed by the Attorney General may serve until the earlier of (1) the qualification of a United States Attorney appointed by the President under 28 U.S.C. § 541 or (2) "the expiration of 120 days after appointment by the Attorney General under this section." 28 U.S.C. § 546(c).[2]

Our conclusion that the 120 days begins upon appointment by the Attorney General is based first and foremost on the plain language of § 546(c)(2). See, e.g., Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" (internal citation omitted)). The 120-day time period, by the terms of the statute, unambiguously begins with the Attorney General's appointment: "the expiration of 120 days *after appointment by the Attorney General* under this section." 28 U.S.C. § 546(c)(2) (emphasis added).

The language, moreover, is consistent with the nature of the appointment under § 546. Unlike statutes providing for the designation of an acting officer, § 546 provides for the appointment of a full fledged United States Attorney. See *United*

---

[1] See, e.g., 5 U.S.C. § 3346(a)(1) (Supp IV 1998) ("may serve in the office — (1) for no longer than 210 days beginning on the date the vacancy occurs"), 28 U.S.C. § 992(a) (1994) (six year staggered terms for members of the United States Sentencing Commission).

[2] In addition to appointment by the Attorney General, § 546 provides a second mechanism for appointing an interim United States Attorney If the 120-day term of a United States Attorney appointed by the Attorney General expires, the district court "may appoint a United States attorney to serve until the vacancy is filled " 28 U.S C § 546(d).

*States v. Gantt*, 194 F.3d 987, 999 n.5 (9th Cir. 1999) ("Section 546(d) appointments are fully-empowered United States Attorneys, albeit with a specially limited term, not subordinates assuming the role of 'Acting' United States Attorney."). As a general rule, "when a statute provides for an [officer] to serve a term of years, the specified time of service begins with the appointment," except for a multi-member body with staggered terms, in which case the term is calculated from the expiration of the prior term in order to maintain the stagger. *Term of a Member of the Mississippi River Commission*, 23 Op. O.L.C. 123, 123 (1999). Since there is no issue regarding staggered terms here, the general rule would apply.

In addition, while we are unaware of any cases specifically addressing when the 120-day period begins, courts have generally assumed that that period is calculated from the date of the appointment, rather than from the date of the vacancy. When explaining that the 120-day period under § 546(c)(2) has expired in particular cases, courts have usually identified the date on which the appointment was made and the date 120 days after the appointment, without referring to when the vacancy itself first arose. *See, e.g., United States v. Colon-Munoz*, 192 F.3d 210, 216 (1st Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000); *In re Grand Jury Proceedings*, 673 F. Supp. 1138, 1139 (D. Mass. 1987).

Finally, because the authority for the Attorney General to appoint a United States Attorney was added to § 546 as a late amendment to more general legislation, there is very little legislative history on the provision. The legislative history that exists, however, is consistent with the conclusion that the 120-day period is to be calculated from the date of the appointment, rather than from the date of the vacancy: "a person appointed by the Attorney General *serves only for 120 days*, or until a person appointed to the office by the President has qualified, if that is earlier." 132 Cong. Rec. 32,806 (1986) (statement of Rep. Berman) (emphasis added). The focus is on the length of the interim United States Attorney's service, rather than the length of time since the vacancy arose. *Cf. Doolin Sec. Sav. Bank v. Office of Thrift Supervision*, 139 F.3d 203, 209 (D.C. Cir. 1998) (concluding that the language of the Vacancies Act supports calculating its time limits from the President's designation, rather than the vacancy, because the Act speaks in terms of "how long the position may be 'filled,' not when the President must do the filling").

For these reasons, we conclude that the 120-day period in § 546(c)(2) is calculated from the date of the appointment by the Attorney General.

RANDOLPH D. MOSS
*Acting Assistant Attorney General*
*Office of Legal Counsel*