**CHURCHILL COUNTY,**

v.

**UNITED STATES of America, et al.**

**No. CV–N–00–0075–ECR–RAM.**

United States District Court, D. Nevada.

March 20, 2001.

---

Richard Campbell, Campbell & Campbell, Reno, NV, Arthur Mallory, Churchill County District Attorney's Office, Fallon, NV, for Churchill County.

Roger R. Martella, Department of Justice, Environment and Natural Resources, Indian Resources Section, Washington, DC, for Bruce Babbitt, Robert Hunter, Wayne Nordwall, and the United States of America.

Heather Subbison, Department of Justice, Environment and Natural Resources, Indian Resources Section, Washington, DC, for Bruce Babbitt, Robert Hunter, Wayne Nordwall and the United States of America.

Shirley Smith, U.S. Attorney, Reno, NV, for Bruce Babbitt, Robert Hunter, Wayne Nordwall and the United States of America.

Steven H. Chestnut, Ziontz, Chestnut, Varnell, Berley & Slonim, Seattle, WA for Fallon Paiute Shoshone Indian Tribe and Alan Moyle.

Gordon Depaoli, Woodburn & Wedge, Reno, NV, for Fallon Paiute Shoshone Indian Tribe and Alvin Moyle.

Marc D. Slonim, Ziontz, Chestnut, Varnell, Berley & Slonim, Seattle, WA for Fallon Paiute Shoshone Indian Tribe and Alvin Moyle.

## MINUTES OF THE COURT

EDWARD C. REED, JR., District Judge.

### *MINUTE ORDER IN CHAMBERS*

The dispute in this case centers around the Fallon Paiute–Shoshone Indian Tribes'

(hereinafter "Tribes") acquisition of 37 acres of land in Churchill County, and the United States taking that land into trust pursuant to Section 103(A) of Title I of Pub.L. 101–618. Churchill County disputes the validity of placing the land into trust, arguing that (1) the intent of the statute is to allow the tribe to acquire land and water rights solely for agricultural purposes; (2) the Secretary failed to consider the factors in 25 C.F.R. § 151.1 when he decided to place the land in trust; (3) the statute unconstitutionally delegates legislative power to the agency; and (4) the statute is unconstitutional in violation of equal protection under the Fifth Amendment. The tribes and the federal defendants filed motions to dismiss (# 18 and # 19 respectively) for failure to state a claim pursuant to 12(b)(6). For the following reasons, the motions will be **GRANTED**.

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987). However, although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir.1981).

The first step in any statutory interpretation problem is to determine whether the language is clear and unambiguous. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). When a statute is clear on its face, the inquiry is at an end. *Pacific Maritime Ass'n v. Local*

*63*, 198 F.3d 1078 (9th Cir.1999). We do not have to examine the legislative history. *See United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) ("having concluded that the provisions of § 1 are clear and unequivocal on their face, we find no need to resort to the legislative history of the Act."). In this case, the Act states:

> "Title to all lands, water rights and related property interests acquired under section 102(C)(1)(e) within the counties of Churchill and Lyon in the state of Nevada shall be held in trust by the United States for the tribes as part of the Reservation, provided that no more than 2,415.3 acres of such acquired lands and no more than 8,453.55 acre feet per year of such water rights shall be held in trust by the United States and become part of the Reservation under this subsection."

■ There is no language limiting the use of the land. The statute states that all land acquired, up to 2,415.3 acres, shall be held in trust as part of the Reservation. There is no ambiguity. Therefore, there is no need to resort to an examination of the legislative history. On its face, the statute permits the acquisition and acceptance into trust of the 37 acres at dispute in this case. The Secretary did not exceed his authority when he placed the land in trust.

■ The regulations in 25 C.F.R. § 151.10 apply only to those instances where taking the land into trust for a tribe is a discretionary function of the Secretary. The statute at issue in this case provides that the land ("...shall be held in trust by the United States for the tribes...." emphasis added). Shall is a mandatory term, indicating the lack of discretion on the part of the Secretary. *See e.g., Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62, (1998) ("[T]he

mandatory "shall" . . . creates an obligation impervious to . . . discretion"); *United States v. Monsanto,* 491 U.S. 600, 607, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989) (using "shall" in a statute expressed Congress' "intent that forfeiture be mandatory in cases where the statute applied."); *Black's Law Dictionary,* at 1375 (6th ed. 1990) ("As used in statutes. . . [shall] is imperative or mandatory."). Therefore, once the requirements of section 103(A) were met, the Secretary was required to accept the land into trust for the tribe, until the maximum allotment of 2,415.3 acres had been added to the reservation. The Secretary was not required to comply with section 151 requirements.

■ Plaintiff's reliance on the proposed amendment to section 151 is misplaced. A proposed rule does not represent the agency's position, or interpretation of a statute. *Commodity Futures Trading Com'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). Therefore, for purposes of this analysis, the proposed rule has no significance.

■ This case does not present an impermissible delegation of legislative power. There are three requirements to place land into trust: (1) the land must be purchased with the settlement funds; (2) the land must be in Churchill or Lyon County, Nevada; and (3) the amount of land added to the reservation must be less than 2,415.3 acres, and the amount of water less than 8,453.55 acre feet. Sec. 103(A). If these conditions are met, the Secretary places the land in trust. The legislature has given standards to the Secretary that are unambiguous, and well within the boundaries of acceptable delegation to an administrative agency.

■ We decline to decide the issue of whether a county can claim a violation of equal protection, because we find that the statute passes the rational basis test. The statute is rationally related to a legitimate purpose and there is a legitimate end that a rational legislature would have thought the law would further. *U.S. v. Carolene Products Co.,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Specifically, the statute was designed to settle claims by the tribes against the government. Whether the reason for mandating the lands be placed in trust was as part of the settlement, as an administrative convenience, or as a way to control water usage in the area, the purpose was a legitimate exercise of federal government power vis a vis the Tribes. It is a well established principle that the legitimate goal is one that a rational legislature might have thought the statute would further, even if this is not the actual result, or was the actual goal. *Williamson v. Lee Optical Inc.,* 348 U.S. 483, 490, 75 S.Ct. 461, 99 L.Ed. 563 (1955).

*IT IS, THEREFORE, HEREBY ORDERED THAT,* the federal defendants' 12(b)(6) motion (# 19) and the Tribes' 12(b)(6) motion (# 18) are granted. This case is dismissed.

The clerk shall enter judgment accordingly.