**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4140**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLEMENT CHIEBUKA ONYEIWU,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CR-03-453-A)

―――――――――

Submitted:  August 4, 2004        Decided:  August 31, 2004

―――――――――

Before MOTZ, KING, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Emmanuel D. Akpan, Silver Spring, Maryland, for Appellant.  Paul J.
McNulty, United States Attorney, Patricia T. Giles, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Clement Chiebuka Onyeiwu appeals his jury conviction and resulting sentence for violating 18 U.S.C. § 1546(a) (2000). He was convicted of transporting a rubber stamp that duplicated a federal "immigration form I-551 stamp," which, when imprinted on a passport, could serve as temporary proof of legal permanent residency in the United States. Onyeiwu argues that the stamp he possessed did not fall within the statutory term "plate." We disagree and affirm his conviction and sentence.

This Court reviews statutory construction de novo. See United States v. Davis, 98 F.3d 141, 144 (4th Cir. 1996). The pertinent section of § 1546(a) states:

> Whoever . . . knowingly possesses . . . or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States . . . [s]hall be fined under this title or imprisoned . . . .

The statute does not define "plate," so the term should be interpreted "as taking [its] ordinary, contemporary, common meaning." United States v. Maxwell, 285 F.3d 336, 340 (4th Cir. 2002) (quoting United States v. Lehman, 225 F.3d 426, 428 (4th Cir. 2000)). In addition, "the plainness or ambiguity of the statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader

- 2 -

context of the statute as a whole." Id. (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)).

The context of the term "plate" in the statute is printing, so the applicable definition of the term would be the definition applicable in the context of printing. It is undisputed that the district court instructed the jury based upon such a definition from Webster's Unabridged Dictionary, which was also consistent with definitions from other dictionary sources. Because the court properly instructed the jury on the ordinary definition of "plate" in the context of the statute itself and because that definition encompasses the rubber stamp recovered from Appellant's luggage, we affirm Appellant's conviction and sentence. Appellant's conduct clearly fell within conduct covered by § 1546(a) because he possessed a stamp that, in effect, was a "plate" designed to make a print or impression in the likeness of specific documentation required for entry into the United States. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED