**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2631EA

_____

Lori Holloway; James Holloway,　　　　*

　　　　　　　　　　　　　　　　　*

　　　　　　Appellees,　　　　　　　*

　　　　　　　　　　　　　　　　　*

　　v.　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　*

Odom Antennas, Inc.; William　　　　*

Thornton, also known as Bill　　　　 *

Thornton,　　　　　　　　　　　　 *

　　　　　　　　　　　　　　　　　*

　　　　　　Appellants.　　　　　　 *


_____　　　　　　Appeals from the United States
　　　　　　　　　　　　　　District Court for the Eastern
No. 96-2722EA　　　　　　　 District of Arkansas.

_____

　　　　　　　　　　　　　　　　　[UNPUBLISHED]

Lori Holloway; James Holloway,　　　　*

　　　　　　　　　　　　　　　　　*

　　　　　　Appellants,　　　　　　 *

　　　　　　　　　　　　　　　　　*

　　v.　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　*

Odom Antennas, Inc.; William　　　　*

Thornton, also known as Bill　　　　 *

Thornton,　　　　　　　　　　　　 *

　　　　　　　　　　　　　　　　　*

　　　　　　Appellees.　　　　　　　*

_____

Submitted:  April 17, 1997

Filed: July 25, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and FAGG,
    Circuit Judges.
_____

PER CURIAM.

Odom Antennas, Inc. (Odom) appeals the adverse decisions of the judge and jury in Lori Holloway's employment discrimination lawsuit.  Having reviewed the record, we conclude Odom is not entitled to relief.  We reject Odom's contention that the district court improperly permitted the jury to consider Holloway's postemployment retaliation claim.  Odom's argument is foreclosed by the United States Supreme Court's recent decision in Robinson v. Shell Oil Co., 117 S. Ct. 843, 849 (1997).  Also, contrary  to Odom's fallback position, there is ample evidence in the record that supports the jury verdict.

William Thornton appeals the district court's failure to grant Thornton's motion for judgment as a matter of law on Lori Holloway's state law outrage claim.  Initially, we reject Thornton's contention that the district court should have ruled as a matter of law on Holloway's claim.  Anyway, Thornton is not entitled to relief because the jury rejected the outrage claim, and Thornton does not point to any particular evidence as having a prejudicial spillover effect.

Finally, we consider Lori and James Holloway's cross-appeal.  After the trial, the Holloways filed a motion for declaratory and injunctive relief based on several grounds.  Among other things, the Holloways asked the court to declare that the 1099-Misc. form issued to Lori Holloway by Odom in February 1995 was false and misleading and overstated her compensation.  Undisputed trial testimony showed some of the income reported on the 1099 form was not taxable compensation because the

income represented reimbursement for costs and expenses. In ruling on the Holloways' motion, the district court addressed some of the claims for declaratory and injunctive relief, but did not mention the 1099 form. Although the Holloways' second amended complaint is not a model of clarity, the defendants do not assert the Holloways had not sought declaratory or injunctive relief on the 1099.

The Holloways filed a motion to reconsider, specifically asking the court to declare the 1099 form false and to order its correction. In a three sentence order, the district court declined to reconsider, stating the Holloways had not proven "that the subject 1099 form [was] fraudulently issued by the defendants." Contrary to the district court's finding, the trial testimony of Lori Holloway and Jana Fritz makes clear that the 1099 form was incorrect. Even though the Holloways presented no evidence of damages arising from the incorrect 1099 form at trial, the district court should consider whether declaratory or injunctive relief is appropriate. Thus, we reverse and remand for further proceedings.

We affirm the district court on Odom's and Thornton's appeals, and reverse and remand on the Holloways' cross-appeal. We deny as moot the Holloways' motion to supplement the appellate record with evidence of damages resulting from the 1099 form issued in 1995. The district court may consider this evidence on remand in deciding whether to grant declaratory or injunctive relief. We also deny as moot the Holloways' motion to dissolve the district court stay concerning attorney fees and costs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.