UNITED STATES of America,
Plaintiff,

v.

**Lonnie Michael SKUBAN, Defendant.**

**No. CR–N–01–0115–ECR–RAM.**

United States District Court,
D. Nevada,
Reno, Nevada.

Nov. 14, 2001.

L. Anthony White, AUSA, Reno, NV, for plaintiff.

Vito De La Cruz, AFPD, Reno, NV, for defendant.

### ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Lonnie Michael Skuban (hereinafter "defendant") filed a motion to dismiss his indictment (# 11) on August 13, 2001. The government opposed (# 23) on October 26, 2001.

Defendant was indicted under 18 U.S.C. 922(g)(9) and 924(a)(2) which prohibits firearm ownership by persons who have been convicted of a domestic violence misdemeanor. Defendant was convicted on February 28, 2001, in Carson City of assaulting his mother, which under Nevada law is considered a domestic violence misdemeanor.

Defendant moves to dismiss his indictment, claiming that his conviction for assaulting his mother does not qualify as a predicate misdemeanor for purposes of the federal law, because the statute specifies the qualifying relationships, and child-parent is not listed. The United States urges us to take an expansive view of the statute and decide that the relationships stated in the statute are merely examples of the types of relationships Congress intended to be covered by it, and that it would be hard to imagine that Congress intended to act exclusively in this situation. In addition, the United States urges us to interpret the phrase "or by a person similarly situated" to include child-parent violence as in this case.

The first step in any statutory interpretation problem is to determine whether the language is clear and unambiguous. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). When a statute is clear on its face, the inquiry is at an end. *Pacific Maritime Ass'n v. Local 63,* 198 F.3d 1078 (9th Cir. 1999). We do not have to examine the legislative history. *See United States v. Oregon,* 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) ("having concluded that the provisions of § 1 are clear and unequivocal on their face, we find no need to resort to the legislative history of the Act.").

Section 922(g)(9) makes it a crime for "any person who has been convicted in any court of a misdemeanor crime of domestic violence to ... possess... any firearm or ammunition...." Section 921 defines "misdemeanor crime of domestic violence" as an offense that is "committed by a current or former spouse, parent or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or who has cohabitated with the victim as a spouse, parent or guardian, or by a person similarly situation to a spouse, parent, or guardian of the victim."

In this case, the statute is clear on its face. The statute contemplates specific relationships between perpetrator and victim. The relationship defendant had with his victim, i.e. child-aggressor and parent-victim, is not specified in the statute as one

that meets the predicate requirements for a "misdemeanor crime of domestic violence." The statute does not state that the relationships are examples, nor does it state that other relationships could qualify. It defines "misdemeanor crime of domestic violence" as consisting of one of the stated relationships. Further, the statute specifically states that the "other persons" are "persons similarly situated to a spouse, parent, or guardian of the victim." A child is not similarly situated to any of these categories of aggressors.

■ We are also unpersuaded by the argument of the United States that we should construe the statute expansively to hold that the relationships stated are merely examples. Criminal statutes are generally construed narrowly in favor of the defendant. *United States v. Laub*, 385 U.S. 475, 487, 87 S.Ct. 574, 581, 17 L.Ed.2d 526 (1967); *United States v. Dishman*, 486 F.2d 727, 730 (9th Cir.1973). Even if the statute were ambiguous we would not construe the provision expansively. *United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir.1991) ("[T]he court [should] not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.") Further, if we concluded that the statute were ambiguous and examine the legislative history, we would find that Congress's concern at the time it enacted the statute was spousal abuse and that Congress was also concerned about limiting the scope of the statute. *See Amend Section 658 of the Fiscal Year 1997 Omnibus Appropriations Act: Gun Ban for Individuals Convicted of a Misdemeanor Crime of Domestic Violence: Hearing before the Subcomm. On Crime of the House Comm. on the Judiciary*, 105th Cong. (1997).

*IT IS, THEREFORE, HEREBY ORDERED THAT*, defendant's motion to dismiss the indictment (# 11) is *GRANTED*. The clerk shall enter judgment accordingly.

*IT IS, THEREFORE, HEREBY FURTHER ORDERED THAT*, the hearing scheduled before this court on Thursday, December 6, 2001, at 10:00 AM is *VACATED*.