# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 12, 2005  Decided January 24, 2006

No. 05-5050

ELAINE L. CHAO, SECRETARY OF DEPARTMENT OF LABOR,
APPELLEE

v.

BRITTIAN P. DAY AND
A & D INSURANCE AGENCY, INC.,
APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 02cv01516)

*John W. Karr* argued the cause for appellants. With him on the brief was *Theodore S. Allison.*

*Glenn M. Loos*, Senior Trial Attorney, U.S. Department of Labor, argued the cause for appellee. With him on the brief was *Elizabeth Hopkins*, Attorney. *Ellen L. Beard*, Attorney, entered an appearance.

Before: GINSBURG, *Chief Judge*, and SENTELLE, *Circuit Judge,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: The A&D Insurance Agency and its President, Brittian P. Day (collectively, "Day"), appeal the District Court's grant of summary judgment in favor of the Secretary of the Department of Labor, Elaine L. Chao (the "Secretary"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Day contends that he is not a "fiduciary" within the meaning of ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i), and thus not covered by the statute. We agree with the District Court and affirm.

I

The Secretary filed a complaint in the United States District Court for the District of Columbia against Day, alleging that he violated his fiduciary responsibilities through an illegal scheme to misappropriate insurance assets. *See* 29 U.S.C. § 1109(a) (imposing civil liability for the breach of a fiduciary duty); *id.* § 1132(a)(2) (empowering the Secretary of Labor to bring enforcement actions for the breach of a fiduciary duty). Specifically, the Secretary alleged that Day accepted hundreds of thousands of dollars from twenty-nine ERISA-covered employee benefit plans for the purpose of purchasing insurance for the plans. Under his brokerage scheme, Day sent invoices to the plans for various insurance policies, the plans paid the bills by sending checks to Day, and Day deposited the checks into his corporate account. Instead of using the plans' checks to purchase insurance, however, Day kept the money and provided the plans with fake insurance policies.

Day filed a motion to dismiss the Secretary's complaint, arguing that he did not fall within ERISA's definition of a "fiduciary." The District Court denied Day's motion and held "Defendants, by using plan funds for personal use, plainly exercised 'control' over the 'disposition' of plan assets. . . .

[T]he court finds that the factual circumstances of the present case bring Defendants within the reach of the ERISA statute." Thereafter, the Secretary filed a motion for summary judgment, along with a statement of material facts and numerous exhibits. In response, Day filed a memorandum in opposition to the Secretary's motion, but Day did not file a separate statement of material facts. Taking the Secretary's statement of facts as undisputed, the District Court granted the Secretary's motion for summary judgment and ordered Day to pay almost $1 million in damages. The only issue on appeal is whether Day is a "fiduciary" under ERISA.

II

We review de novo the District Court's grant of summary judgment to the Secretary, viewing the record in the light most favorable to Day, the nonmoving party. *See, e.g.*, *Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 328 (D.C. Cir. 2004). Summary judgment is appropriate only if there is no genuine issue of material fact, and judgment in the movant's favor is proper as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We take as true the Secretary's "statement of material facts" because Day failed to dispute them below. *See Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002).

Our analysis begins, as always, with the text of the statute. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). Where, as here, it is plain and unambiguous, our analysis ends with the text as well. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

The relevant section of ERISA defines two classes of fiduciaries:

> a person is a fiduciary with respect to a plan to the extent he [(a)] exercises any discretionary authority or discretionary control respecting management of such plan *or* [(b)] exercises any authority or control respecting management or disposition of its assets.

29 U.S.C. § 1002(21)(A)(i) (emphasis added). In the Secretary's view, Day falls within the scope of the second clause because he exercised "authority or control" over the "disposition of [the plans'] assets." In response, Day argues that fiduciaries under both the first and second clauses—hereinafter referenced as the "discretionary" and "disposition" clauses, respectively—require some element of *discretionary* "authority or control." Day contends he was simply an insurance salesman, and he did not exercise any discretion over the plans' assets—he was under strict instructions to use the plans' funds to purchase insurance coverage for the plans' members. Therefore, Day concludes, he cannot qualify as a "fiduciary" under ERISA.

We reject Day's interpretation of § 1002(21)(A)(i) because it does violence to the statutory text. The plain language of that text connects the two classes of "fiduciaries" with the disjunctive "or"—*not* the conjunctive "and." *See, e.g.*, *Garcia v. United States*, 469 U.S. 70, 73 (1984) ("Canons of construction indicate that terms connected in the disjunctive in this manner be given separate meanings."); 1A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 21.14 at 181-82 (6th ed. 2002) ("courts presume that 'or' is used in a statute disjunctively unless there is a clear legislative intent to the contrary"); *see also* AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 873 (4th ed. 2000) (defining "or" as "[u]sed to indicate . . . [a]n *alternative* . . ." (emphasis added)); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 817 (10th ed. 1996) (defining "or" as "a function word [used] to indicate an *alternative*" (emphasis added)); VII OXFORD ENGLISH

DICTIONARY 166 (1933) (defining "or" as "[a] particle co-ordinating two (or more) words, phrases, or clauses, between which there is an *alternative*" (emphasis added)). Congress plainly framed § 1002(21)(A)(i) in the *alternative*, and it further bifurcated the subsection with the parallel inclusion of the verb "exercises" at the beginning of both the discretionary and disposition clauses. We therefore cannot commingle the textually distinct provisions of the two clauses. *See Overseas Educ. Ass'n v. FLRA*, 876 F.2d 960, 975 (D.C. Cir. 1989) (Buckley, J., concurring) ("This court has no authority to engraft restrictions onto the statute that its drafters did not choose to use, and that the members voting it into law never had the chance to consider.").

Our conclusion is further buttressed by the structure of the statute. The "discretion" requirement—which is repeated twice in the discretionary clause—is conspicuously omitted altogether from the disposition clause. Instead, in order to qualify as a "fiduciary" with respect to a plan's "assets," a person must simply exercise "*any* authority or control" over their management or disposition. 29 U.S.C. § 1002(21)(A)(i) (emphasis added). As the Supreme Court has instructed, "[w]e do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest." *Jama v. Immigration & Customs Enforcement*, 125 S. Ct. 694, 700 (2005). Day points to nothing—in either ERISA or the caselaw interpreting it—to overcome this reluctance. Day undeniably had "authority or control" over the "disposition" of the plans' "assets." The plans sent to Day checks made payable to him. Day then deposited the plans' funds into his account. Day was obligated to "control" the "disposition" of those funds for paying the plans' insurance premiums. Instead, Day absconded with the funds.

Because the disposition clause contains no "discretion" requirement, it is irrelevant whether Day exercised "discretion" in his thievery. "[A]ny authority or control" is enough.

Therefore, in light of ERISA's statutory text and structure, we conclude Day was a "fiduciary," regardless of whether he possessed "discretionary authority or discretionary control" over the disposition of the plans' assets. Our conclusion comports with the results reached by every Court of Appeals that has considered the issue.[1] *See David P. Coldesina, D.D.S., P.C., Empl. Profit Sharing & Trust v. Estate of Simper*, 407 F.3d 1126, 1132-35 (10th Cir. 2005) (holding an accountant is a "fiduciary" under the disposition clause where he wrongfully disbursed the plans' funds); *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220-22 (3d Cir. 2003) (holding a bank is a "fiduciary" under the disposition clause where it wrongfully disbursed the plans' funds); *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997) (holding that insurance premiums deducted from employees' paychecks and commingled with corporate assets were plan assets in accordance with Department of Labor regulations, *see* 29 C.F.R. § 2510.3-102(a), and therefore that president of employer corporation acted as a fiduciary when he failed to separate those assets for payment to the funds and

---

[1] At least one court has suggested that "discretion" is a prerequisite for *all* fiduciaries under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). *See Useden v. Acker*, 947 F.2d 1563, 1574 (11th Cir. 1991) (rejecting Appellant's argument that a bank "exercise[d] . . . discretionary authority or control over Plan assets such that it acquired fiduciary status"); *see also O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 96 (1st Cir. 1982). However, the *Useden* court did not explain which provision within § 1002(21)(A) it was relying upon or analyze the textual distinctions between the statute's various subsections. To the extent the *Useden* court imputes a "discretionary" requirement to the disposition clause, we reject its approach for the reasons set forth in this opinion.

instead used them to pay company creditors); *IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997) (holding a plan administrator is a "fiduciary" under the disposition clause where it wrongfully disbursed the plan's funds).

While it is not necessary to our holding, we note that the common law definition of a "fiduciary" further supports our interpretation of the disposition clause. Under the common law, insurance brokers, such as Day, are the agents of the insureds, such as the plans, not the companies. *See, e.g.*, *Evvtex Co. v. Hartley Cooper Assocs. Ltd.*, 102 F.3d 1327, 1331-32 (2d Cir. 1996); 43 Am. Jur. 2d Insurance § 129 ("Ordinarily, when employed to procure insurance, the broker becomes the agent of the person for whom the insurance is procured."); 44 C.J.S. Insurance § 181 ("[I]n the absence of a statute to the contrary, [an insurance broker] is the agent of insured as to all matters within the scope of his employment."). As the plans' agent, Day was bound by a broker's common law fiduciary duty to faithfully deliver the plans' assets to the insurer. *See, e.g.*, *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230-31 (5th Cir. 1990); 44 C.J.S. Insurance § 215 ("Where an insurance agent or broker acts as agent for insured, there is a fiduciary relationship between them, and the agent or broker has a fiduciary responsibility to insured. Thus, an agent or broker employed to effect insurance for another, like other agents, owes to his principal the duty to discharge with loyalty and good faith the trust imposed in him, to obey the instructions given to him by insured, and to exercise reasonable skill, care, and diligence in effecting the insurance." (footnotes omitted)). Thus, even though our holding in this case rests exclusively on ERISA's statutory definition of a "fiduciary," our conclusion is also consistent with the long-prevailing common law definition of the term.

We hasten to emphasize the limited scope of today's holding. Our interpretation of the disposition clause does not—as Day fears—extend fiduciary status to every person who exercises "mere possession, or custody" over the plans' assets. Day was far more than a mere custodian; he was a broker who solicited, accepted, and then pilfered the plans' assets by reneging on his promise to purchase insurance for the plans' members. On the facts presented here, we hold simply that Day exercised sufficient "authority or control" over the "disposition" of the plans' assets to qualify as a "fiduciary" under the disposition clause.

### III

For the reasons set forth above, the District Court's entry of summary judgment in favor of the Secretary is

*Affirmed*.