HARDIMAN, Circuit Judge,
concurring in the judgment.
Judge Greenberg has done, yeoman work in crafting the majority opinion in this case, so it is with special regret that I cannot join it. I agree with the majority’s thorough recapitulation of the various iterations of the Black Lung Benefits Act (Act). My point of departure lies in the analysis. The internal inconsistencies of the statute, as amended by the Patient Protection and Affordable Care Act (PPA-CA), leave me befuddled as to the correct answer to the question presented. For the following reasons, I concur only in the judgment.
As my colleagues correctly note, Congress amended the Act in 1981 and “eliminated survivors’ automatic entitlement to benefits for claims filed on or after January 1, 1982.” This change was effectuated by adding the phrase “except with respect to a claim filed under this part on or after the effective date of the Black Lung Benefits Amendments of 1981” to 30 U.S.C. *264 § 932(Z). Congress likewise amended 30 U.S.C. §§ 901, 921(a), and 922(a)(2), which made clear that survivors were entitled to benefits only after showing that the miner’s death was “due to pneumoconiosis.”
The PPACA restored § 932(Z) to its status previous to the 1981 Amendments. Accordingly, no “eligible survivor” of a miner was required to file a new claim for benefits. If we view § 932(Z) in a vacuum, this is an easy case. But reading a statute in a vacuum is improper, and we must consider the context of each statute we interpret. Robinson v. Shell Oil Co., 519 U.S. 337, 340-41, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); United States v. Tupone, 442 F.3d 145, 151 (3d Cir.2006). For reasons we may never know, the Congress that passed the PPACA in 2010 failed to amend §§ 901, 921, and 922, as Congress had done in 1981. This omission is no small matter. As the law is presently written, the congressional findings and declaration of purpose (§ 901) contain a causation requirement expressing an intent to compensate survivors and dependents of miners “whose death was due to such disease.” Similarly, §§ 921 and 922 retain the causation requirement. The majority refers to this state of affairs as “conflicting language,” “internal inconsistency,” id. at 22, 30, and so “clearly in conflict” that “there is no way to reconcile [§§ 922(a) and 932(Z) ]”, id. at 32. Despite these apt phrases, the majority finds it “quite clear” that § 932(Z) ensures the continuation of benefits for an eligible survivor of a miner irrespective of the cause of the miner’s death. Notwithstanding my view that the matter is anything but clear, even the majority’s formulation begs the question because it sheds no light on who is an “eligible survivor.”
As the United States Code has grown in scope and complexity, the federal courts are increasingly called upon to harmonize apparent inconsistencies within or between statutes. See, e.g., New Process Steel, L.P. v. NLRB, — U.S. -, 130 S.Ct. 2635, 2640, 177 L.Ed.2d 162 (2010); Hinck v. United States, 550 U.S. 501, 507-10, 127 S.Ct. 2011, 167 L.Ed.2d 888 (2007); Hagan v. Rogers, 570 F.3d 146, 153-56 (3d Cir.2009). Sometimes an apparent contradiction or inconsistency can be resolved without dissent because one or more of the options presented conduces to an absurd result. See, e.g., Abbott v. United States, — U.S. -, 131 S.Ct. 18, 27-28, 178 L.Ed.2d 348 (2010). But here, there is nothing absurd about either result. Are survivors automatically entitled to benefits, or must they show that the miner’s death was “due to pneumoconiosis”? These equally plausible options appear to be the verbal equivalent of M.C. Escher’s infinite staircase. Prior to 1981, we knew that causation was not required. From 1982 until 2010, we knew that causation was required. After the PPACA, it’s anyone’s guess.
In the final analysis, I concur in the result reached by my colleagues in spite of the uncertainty expressed here. As the majority notes, before the Benefits Review Board, B & G did “not dispute that [Campbell] need not prove that the miner’s death was due to pneumoconiosis.” Regardless whether this is viewed as a species of waiver, it is enough of a thumb on the scale to tilt the decision in favor of Mrs. Campbell. Accordingly, I respectfully concur in the judgment.