STUCKY, Judge,
with whom ERDMANN, Judge, joins (dissenting):
“Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous....” Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); accord Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); see United States v. Morita, 74 M.J. 116, 120 (C.A.A.F.2015).
Whether a statutory term is unambiguous, however, does not turn solely on dictionary definitions of its component words. Rather, “[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole.”
Yates v. United States, — U.S. -, 135 S.Ct. 1074, 1081-82, 191 L.Ed.2d 64 (2015) (quoting Robinson, 519 U.S. at 341, 117 S.Ct. 843).
In both the 2006 and 2011 versions of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, the definition of the term “sexual act” immediately precedes that for “sexual contact.” In both versions, Congress made it clear that a sexual act could be committed by penetration “by any part of the body or by an object.” (Emphasis added). See Article 120(t)(l), UCMJ (2006 version), reprinted in Manual for Courts-Martial, United States Punitive Articles Applicable to Sexual Offenses Committed During the Period of 1 October 2007 Through 27 June 2012 app. 28 at A28-3 (2012 ed.); Article 120(g)(1)(B), UCMJ (2012). But in neither version .did Congress choose to mention, in the very next definition, that “sexual contact” could be committed with an object. “[W]hen ‘Congress includes particular language in one section of a statute but omits it in another1 — let alone in the very next provision — this Court ‘presume[s]’ that Congress intended a difference in meaning.” Loughrin v. United States, — U.S. -, 134 S.Ct. 2384, 2390, 189 L.Ed.2d 411 (2014) (quoting Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). After considering the statute as a whole, I can find nothing to overcome this presumption and therefore conclude that Congress did not mean to include contact with an object as “sexual contact.”
Today, the majority abjures analyzing the specific and broader context in which that language defining “sexual contact” is used in the statute by adopting “[r]eal life experience” as the touchstone for statutory interpretation. United States v. Schloff, 74 M.J. 312, 314 (C.A.A.F.2015). Therefore, I respectfully dissent.