19-1020-cv
*Velazquez v. Yoh Services LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT:    REENA RAGGI,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                 *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
YAJAIRA VELAZQUEZ,

                 *Plaintiff-Appellant*,


            -v-                                        19-1020-cv

YOH SERVICES, LLC, CNBC, LLC,
NBCUNIVERSAL MEDIA, LLC, BRENDA
GUZMAN, Individual and Official Capacity,
MARY DUFFY, Individual and Official Capacity,
CNBC, INC.,

                 *Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]          The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT: Ambrose W. Wotorson, Jr., Law Offices of Ambrose W. Wotorson, New York, NY.

FOR DEFENDANTS-APPELLEES: Erik Bierbauer, Andrew D. Jacobs, NBCUniversal Media LLC, New York, NY, *for* CNBC, LLC, NBCUniversal Media, LLC, Brenda Guzman, and Mary Duffy.

Kimberly J. Gost, Paul C. Lantis, Littler Mendelson, P.C., Philadelphia, PA, *for* Yoh Services, LLC.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Yajaira Velazquez appeals the district court's March 15, 2019 memorandum decision and order and its March 18, 2019 judgment granting summary judgment in favor of defendants-appellants Yoh Services, LLC ("Yoh"), CNBC, LLC ("CNBC"), NBCUniversal Media, LLC ("NBCUniversal"), Mary Duffy, and Brenda Guzman pursuant to Federal Rule of Civil Procedure 56. The sole issue on appeal is whether the district court erred in granting summary judgment for defendants on Velazquez's claim that defendants retaliated against her, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), when they terminated her from her position as a hair and makeup artist for CNBC in 2016. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

## I. Standard of Review

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II. Applicable Law

The FLSA mandates overtime wages for hours worked in excess of 40 a week and prohibits employers from discharging or otherwise retaliating against employees who seek enforcement of its provisions. *See* 29 U.S.C. §§ 207, 215(a)(3); *see also Mullins v. City of New York,* 626 F.3d 47, 53 (2d Cir. 2010). FLSA retaliation claims are analyzed under the three-step burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). Hence, the plaintiff must first establish a *prima facie* case of retaliation by showing: "(1) participation in protected activity known to the defendant, [such as] the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins*, 626 F.3d at 53. If the plaintiff establishes a *prima facie* case of FLSA retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the employment action.

3

*Id.* If the defendant does so, the plaintiff must then produce sufficient evidence to permit a reasonable juror to find that the defendant's proffered explanation was pretextual, and that more likely than not, retaliation was the real reason for the employment action. *Id.* at 53-54.

"[A]n employee may premise a [FLSA] retaliation action on an oral complaint made to an employer [] so long as . . . the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). It is possible for a plaintiff to state a retaliation claim under the FLSA without proving a violation of the statute. *See, e.g., Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593-94 (2d Cir. 1988) (holding, in the context of a retaliation claim under Title VII of the Civil Rights Act of 1964, that plaintiff need only have "a good faith, reasonable belief" that the underlying challenged actions of the employer violated the law); *see also Robinson v. Shell Oil, Co.*, 519 U.S. 337, 346 (1997) (noting that statutory antiretaliation provisions share the same "primary purpose" of "[m]aintaining unfettered access to statutory remedial mechanisms."). Still, the absence of a violation bears on whether "a reasonable, objective person would have understood the employee to [be] . . . asserting

4

[her] statutory rights under [the FLSA]." *Greathouse*, 784 F.3d at 116 (quoting *Kasten*, 536 U.S. at 14) (internal quotation marks omitted).

## III.   Application

The district court correctly dismissed Velazquez's FLSA retaliation claim because she failed to provide evidence sufficient to permit a reasonable jury to find that she engaged in activity protected by the statute -- that is, that she complained about not being paid overtime. In her pleadings and at deposition, Velazquez described making various informal complaints about her pay while assigned through Yoh, a staffing agency, to work at CNBC. In November of 2015, Velazquez texted her CNBC supervisor Brenda Guzman to ask why she had not gotten paid that week and told Guzman: "I better get paid in the next week." J. App'x at 1024. At an unspecified time, Velazquez texted Guzman to ask if Guzman had been meddling with her time entries because Velazquez was "short on money," J. App'x at 932, and in other unspecified instances, Velazquez questioned Guzman about discrepancies in her pay, to which Guzman replied that she was carrying over Velazquez's hours from one week to another for budgetary reasons. Velazquez also would occasionally question her contact at Yoh, Tara Fields-Gomez, about hours missing from her time entries.[1]

---

[1]      Velazquez also recalled that on one occasion, she complained to both Guzman and Fields-Gomez about not getting paid time and a half on Martin Luther King Jr. Day. The FLSA, however, does not mandate time-and-a-half-pay for federal holidays. *See generally* 29 U.S.C. § 207. Thus, this statement could not form the basis of her FLSA retaliation claim.

Although Velazquez characterizes these statements as informal complaints about overtime, on this record, a reasonable jury could only find that no reasonable employer would have understood the statements to be an assertion of her statutory rights to overtime under the FLSA. Notably, in dismissing Velazquez's claim for unpaid overtime wages under the FLSA -- a holding she does not appeal -- the district court observed that Velazquez had "introduce[d] no competent evidence that she performed as much as one hour of uncompensated overtime work." S. App'x at 1558. And while Velazquez was not required to prove a primary violation of the FLSA to survive summary judgment on her retaliation claim, the total lack of evidence that she was owed any overtime provides context for her complaints. *See Manoharan*, 842 F.2d at 593; *see also Robinson*, 519 U.S. at 346.

Moreover, Velazquez acknowledged below that her regularly scheduled hours rarely exceeded 30 a week, nowhere near the 40-hour threshold for overtime under the FLSA. She stated in her deposition that in her first year at CNBC, she was typically scheduled to work from 8:30 am to 1:00 or 1:30 pm, but often stayed an additional half an hour (a total of approximately 27.5 hours per week), with an occasional additional shift once a week. After that first year, her typical hours were reduced to approximately 22.5 a week, almost half the hours she would need per week to be entitled to overtime under the FLSA. Against this backdrop, a reasonable juror could only conclude that Velazquez's employers understood Velazquez to be seeking to

6

reconcile discrepancies between her pay and her own recollection of hours worked, but not that she was asserting her federally protected right to overtime under the FLSA.

Because Velazquez failed to provide evidence that she engaged in protected activity under the FLSA, the district court did not err in granting summary judgment for defendants on Velazquez's FLSA retaliation claim.

\* \* \*

We have considered Velazquez's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk