**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MECHELLE KINCHEN, an individual, | No. 20-55683 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10311-PA-DFM |
| v. | |
| LOUIS DEJOY, Postmaster General of the United States Postal Service, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted July 26, 2021[**]
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and ROBRENO,[***] District Judge.

Mechelle Kinchen, a former employee of the United States Postal Service

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

("Postal Service"), appeals from the district court's grant of summary judgment in her wrongful termination action alleging Title VII retaliation. We review the district court's decision to grant summary judgment de novo. *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011). We review the district court's denial of a motion for reconsideration for an abuse of discretion. *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 965 n.3 (9th Cir. 2016). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. To make out a prima facie case for retaliation, an employee must show that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2005). To establish the causation element, an employee must prove that her protected activity was a "but for" cause of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). That is to say, the adverse action would not have occurred "but for" the protected activity. *Id.*

Kinchen failed to raise a genuine dispute of material fact that there was a causal link between her protected activity and the adverse employment action. Kinchen was subjected to multiple "removals": first, for sending unencrypted emails from her Postal Service email account to her personal email account in violation of Postal Service policies ("first removal"), and second, for several

additional reasons, including a breach of her fiduciary duty ("second removal").

Kinchen's argument that she no longer had an "employment relationship" by the time the "second removal" occurred and thus had no obligation to challenge her "second removal" administratively or otherwise is unavailing. The Supreme Court held in *Robinson v. Shell Oil Co.*, that the word "employees" in Title VII's antiretaliation provision includes former employees. 519 U.S. 337, 346 (1997). At the very least, Kinchen was a former employee at the time of the "second removal." Thus, even as a former employee, Kinchen was protected by Title VII's antiretaliation provision and had the right and ability to challenge her "second removal," irrespective of whether she had already been effectively separated.

Kinchen did not challenge her "second removal" in any legally sufficient manner. She failed to administratively exhaust her "second removal." *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). She also has waived any argument that she did not need to separately exhaust her "second removal" because it was "reasonably related" to her "first removal," as she did not raise this in the district court or her opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Therefore, even if the reasons for Kinchen's "first removal" were retaliatory, she still would have been removed for the violations related to her "second removal," which she did not sufficiently challenge. *See Nassar*, 570 U.S. at 362 (holding that "but for" causation in Title VII retaliation claims is not

satisfied when the protected activity is no more than a "motivating" factor).

The district court properly determined that Kinchen failed to raise a genuine dispute of material fact as to whether retaliation was the "but for" cause of her termination and thus properly granted summary judgment for the Postal Service.

2. As a preliminary matter, Kinchen may have waived any arguments that the district court abused its discretion by denying her motion for reconsideration. She only mentions the issue in passing in her opening brief, and does not list it as an issue on appeal or specifically address how the district court abused its discretion by denying reconsideration. She thus does not raise any specific and distinct arguments regarding the denial of her motion for reconsideration. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

In any case, the district court acted within its discretion. A motion for reconsideration should only be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Kinchen's purported "new" evidence regarding the effective date of her "first removal" was not "newly discovered" for purposes of the motion, as the relevant document was produced in discovery but not used by Kinchen in her opposition to summary judgment. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Moreover, this evidence regarding the effective date of Kinchen's

4

"first removal" was immaterial to the court's analysis, as discussed above.

Accordingly, the district court did not abuse its discretion by denying Kinchen's motion for reconsideration.

**AFFIRMED**.