Justice Thomas,
concurring in part.
I join all but Part III-A of the Court’s opinion. I write separately to note my disagreement with the dicta in that portion of the opinion, which states that the statutory cross-reference does not mandate a singular regulatory construction.
The Prevention of Significant Deterioration (PSD) statute explicitly links the definition of the term “modification” to that term’s definition in the New Source Performance Standard (NSPS) statute:
“The term ‘construction’ when used in connection with any source or facility, includes the modification (as defined in section 7411(a) of this title) of any source or facility.” 42 U. S. C. § 7479(2)(C).
Section 7411(a) contains the NSPS definition of “modification,” which the parties agree is the relevant statutory definition of the term for both PSD and NSPS. Because of the cross-reference, the definitions of “modification” in PSD and NSPS are one and the same. The term “modification” therefore has the same meaning despite contextual variations in the two admittedly different statutory schemes. Congress’ explicit linkage of PSD’s definition of “modification” to NSPS’ prevents the Environmental Protection *583 Agency (EPA) from adopting differing regulatory definitions of “modification” for PSD and NSPS. Cf. IBP, Inc. v. Alvarez, 546 U. S. 21, 34 (2005) (concluding that an “explicit reference” to a previous statutory definition prohibits interpreting the same word differently).
Section 7479(2)(C)’s cross-reference carries more meaning than the mere repetition of the same word in a different statutory context. When Congress repeats the same word in a different statutory context, it is possible that Congress might have intended the context to alter the meaning of the word. See Atlantic Cleaners & Dyers, Inc. v. United States, 286 U. S. 427, 433 (1932). No such possibility exists with §7479(2)(C). By incorporating NSPS’ definition of “modification,” Congress demonstrated that it did not intend for PSD’s definition of “modification” to hinge on contextual factors unique to the PSD statutory scheme. Thus, United States v. Cleveland Indians Baseball Co., 532 U. S. 200 (2001), which analyzes the mere repetition of the same word in a different statutory context, carries little weight in this situation.
Likewise, this case differs from the circumstance we faced in Robinson v. Shell Oil Co., 519 U. S. 337 (1997). In Robinson, we considered whether “employee,” as used in § 704(a) of Title VII of the Civil Rights Act of 1964, included former employees. We determined that under the clear language of the statute, certain statutory provisions using the term “employee” made sense only with respect to former employees or current employees, but not both. Id., at 342-343. Accordingly, upon analyzing the context of § 704(a), we were compelled to conclude that the term “employee” included former employees. This case does not present a similar situation. The statute here includes a statutory cross-reference, which conveys a clear congressional intent to provide a common definition for the term “modification.” And the contextual differences between PSD and NSPS do not compel *584 different meanings for the term “modification.” Robinson is, therefore, inapplicable.
Even if the cross-reference were merely the equivalent of repeating the words of the definition, we must still apply our usual presumption that the same words repeated in different parts of the same statute have the same meaning. See Atlantic Cleaners, supra, at 483; ante, at 574. That presumption has not been overcome here. While the broadly stated regulatory goals of PSD and NSPS differ, these contextual differences do not compel different definitions of “modification.” That is, unlike in Robinson, reading the statutory definition in the separate contexts of PSD and NSPS does not require different interpretations of the term “modification.” EPA demonstrated as much when it recently proposed regulations that would unify the regulatory definitions of “modification.” See 70 Fed. Reg. 61083, n. 3 (2005) (terming the proposal “an appropriate exercise of our discretion” and stating that the unified definition better serves PSD’s goals).
The majority opinion does little to overcome the presumption that the same words, when repeated, carry the same meaning. Instead, it explains that this Court’s cases do not compel identical language to be interpreted identically in all situations. Granting that point, the majority still has the burden of stating why our general presumption does not control the outcome here. It has not done so.