**Elaine BOLAND, Plaintiff–Appellant,**

v.

**TOWN OF NEWINGTON,
Defendant–Appellee.**

**No. 07–3310–cv.**

United States Court of Appeals,
Second Circuit.

Dec. 16, 2008.

UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court is AF-FIRMED.

Jeffrey S. Bagnell, Westport, CT, for Plaintiff–Appellant.

James M. Sconzo, (Michael G. Petrie, of counsel), Jorden Burt LLP, Simsbury, CT, for Defendant–Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff Elaine Boland appeals from a July 16, 2007, 2007 WL 2071630, judgment of the District Court, granting summary judgment in favor of defendant, the Town of Newington ("Town"), on Boland's retaliation claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d) ("ADEA"). On appeal, Boland principally argues that the District Court erred in finding that Boland "did not suffer actionable harm." *See* Appellant Br. at 19. We assume the parties' familiarity with the factual and procedural history, though we revisit key portions of that history here.

As Boland notes, there are two lawsuits that are relevant to this action. Boland commenced the first lawsuit in March 2002, after having been terminated from her position as an assistant clerk in the Newington Town Clerk's Office. Specifically, Boland claimed that the Town had terminated her on account of her age, in violation of federal and state anti-discrimination laws. The lawsuit received local attention, and was reported in an article in *The New Britain Herald,* entitled "Too Old To Work." *See* J.A. at 217. The case settled in September 2003 pursuant to an agreement under which the Town paid plaintiff $40,000 in exchange for a release of the claims. *Id.* at 188. As part of the settlement agreement, the parties agreed to neither discuss the terms of the agreement nor the settlement amount, unless required under a Freedom of Information Act request. *Id.* at 189. In the event that either party breached the confidentiality agreement, the breaching party would have to pay the other party a sum of $5,000. *Id.*

On August 24, 2004, the Newington Town Council voted to appoint Boland to fill a vacancy on the Town police department building committee. The next day, *The Hartford Courant* published an article about the building committee, which noted at the end without attribution of a source, that Boland had just been appointed and that she had previously settled a lawsuit against the Town "for an estimated $40,000." *Id.* at 191–92. Believing that the settlement information had been leaked by the Town, Boland wrote to the Town and requested that she be paid the $5,000 fee, stipulated by the settlement agreement. *Id.* at 18. The Town declined to pay her, and in January 2005, Boland commenced a second lawsuit against the Town in Connecticut Superior Court, seeking damages for breach of contract. *See* ROA doc. 1 at Ex. B. She later amended the complaint to include claims that the Town had violated the anti-retaliation provisions of the Connecticut Fair Employment Practices Act and ADEA, as well as a claim for invasion of privacy—all due to the disclosure of the settlement sum. *Id.* at Ex. A. In November 2005, the Town removed the case to the United States District Court for the District of Connecticut.

After discovery, the Town moved for summary judgment on all of the claims in Boland's amended complaint. *See* J.A. at 28. In a July 16, 2007 Memorandum of Decision, the District Court granted the Town's motion with respect to Boland's ADEA claim, and declined supplemental jurisdiction over Boland's remaining claims, which were then remanded to the Connecticut Superior Court. *Id.* at 288. Specifically, the District Court concluded that Boland "ha[d] not offered evidence on which a jury reasonably could find that the disclosure significantly harmed her" and thus there was "no genuine issue of material fact as to whether Boland suffered a harm against which the anti-retaliation provision of the ADEA protects." *Id.* at 294. Final judgment was entered the same day and Boland filed a timely notice of appeal.

We review *de novo* an order granting summary judgment. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate only if "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The anti-retaliation provision of ADEA states: "It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . opposed any practice made unlawful by this section, or because such individual . . . participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). We have previously held that "[c]laims under the ADEA . . . receive the same analysis as claims under Title VII," *Raskin v. Wyatt Co.,* 125 F.3d 55, 60 (2d Cir.1997), and the Supreme Court has held that a former employee may sue a former employer under Title VII for retaliatory acts that occur after the termination of the employment

relationship. *See Robinson v. Shell Oil Co.,* 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Accordingly, a former employee such as Boland can sue a former employer under ADEA on the grounds that the employer retaliated against the former employee for bringing an age discrimination claim.

We note, however, that the Supreme Court has plainly stated that "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Specifically, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S.Ct. 2405. (internal citation and quotation marks omitted). Finally, the Court noted, "[w]e speak of *material* adversity because we believe it is important to separate significant from trivial harms." *Id.* (emphasis in the original).

Upon a review of the record, we agree with the District Court that Boland has not offered evidence on which a jury could reasonably find that the disclosure of the settlement sum produced the requisite injury or harm. First, despite what she contends, Boland submits no evidence that she suffered economic harm. As the District Court noted, because Boland was self-employed when *The Hartford Courant* article was published and because she has not sought any other type of employment since then, there is no record evidence that the disclosure of the settlement amount affected her subsequent employment or business prospects. *See* J.A. at 279–80. Furthermore, Boland's argument that she experienced economic harm in the amount

of $5,000, simply because this was the amount of the liquidated damages clause of the contract, is misguided. *See* Appellant Br. at 15. Boland was not entitled to receive the $5,000 unless the Town violated its contractual obligation not to disclose the amount of the settlement. Boland proffered no evidence from which a fact finder could reasonably find that the newspaper received its information about the settlement from the Town.

Second, we likewise find Boland's claim of non-economic harms to be unpersuasive. When asked directly in a deposition how the article harmed her, Boland responded: "It humiliated me all over again. Once again, my private business is dragged through the media for all to see. I was dismissed from a ... job. That makes me sound like I'm a loser, like I'm a bad employee, like maybe I'm not an intelligent human being." J.A. at 282. As the District Court noted, Boland's humiliation, according to her own account, was wholly unconnected to the settlement sum. *Id.* at 292. Instead, Boland's concern was with having her personal business "dragged through the media" for a second time—the first time was after she filed her original suit, which caused details of her past employment to become a matter of public record. There is no evidence in this record showing how Boland's alleged harm was caused by the disclosure, much less that it constituted "material adversity." Boland offers no support for how her alleged humiliation is of a severity sufficient to dissuade a reasonable employee in her position from filing a discrimination complaint.

In sum, we conclude that Boland has not offered evidence on which a jury could reasonably find that the disclosure of the settlement was an act of retaliation for her earlier ADEA claim. We need not consider whether the Town breached the settlement's confidentiality agreement, a claim that the District Court remanded to the Connecticut Superior Court.

### CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.