ARNOLD, Circuit Judge,
concurring in part and dissenting in part.
I concur in all of the court’s opinion except Part IV, which concludes that Ms. Helton has not made out a retaliation *962 claim. Because I believe that, fairly construed, her complaint and the record evidence do indeed support such a claim, I respectfully dissent.
Ms. Helton maintains that Ms. Partee retaliated against her because she told Ms. Beech that Ms. Partee hated white people and that Ms. Partee had discriminated against her by allowing Ms. Dumas, an African American with less seniority, to keep the day shifts that Ms. Helton had been promised. Ms. Helton’s conversation with Ms. Beech was protected conduct and, as the court notes, Ms. Partee was standing right outside the door while they talked and she heard the conversation.
Southland argued in its summary judgment motion that Ms. Partee could not recover because she did not establish that she suffered a “materially adverse employment action,” meaning an action that affected employment or altered workplace conditions. The district court agreed with Southland’s view of the applicable legal standard and granted summary judgment based on it. See Gilooly v. Missouri Dep’t of Health & Senior Servs., 421 F.3d 734, 739 (8th Cir.2005). But this was error under Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 60, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), which held that a plaintiff in a Title VII retaliation claim need only show that he or she was subjected to an action that was materially adverse, “which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.” Id. (internal quotation marks and citations omitted); Littleton v. Pilot Travel Ctrs., LLC, 568 F.3d 641, 644 (8th Cir.2009). I note that Ms. Helton quoted the relevant language from Burlington in her summary judgment response.
Though I agree that Ms. Helton did not show that she suffered an adverse employment action, I think that she presented sufficient evidence of a materially adverse action to survive summary judgment. In her complaint, Ms. Helton alleged that Ms. Partee retaliated for her statements to Ms. Beech by falsely accusing her of theft and she produced evidence of those accusations in her opposition to the motion for summary judgment. Although much of this evidence is hearsay, Ms. Helton provided an affidavit of a co-worker, Marcia Montgomery, that sets out testimony admissible at trial: Ms. Montgomery attested that after Ms. Helton resigned, Ms. Partee told her that Ms. Helton “must have taken the money from the cage or she would not have quit” and that “someone in surveillance had told her” (Ms. Partee) that Ms. Helton “took the money.” Ms. Montgomery thus presents a first-hand account of what Ms. Partee said, which is admissible as a statement of a party opponent. Besides, the statement is not offered for its truth. Title VII prohibits post-employment retaliation, Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997), and I think that Ms. Partee’s false charge of theft “could well dissuade a reasonable worker” from making a discrimination charge because such an accusation is highly defamatory, see Burlington, 548 U.S. at 57, 126 S.Ct. 2405.
Because I believe that the district court erroneously granted summary judgment on this element of Ms. Helton’s prima facie case, I would reverse the judgment in favor of Southland on her retaliation claim based on Title VII.
I therefore respectfully dissent.