**AGENCE FRANCE PRESSE, Plaintiff,**

**v.**

**Daniel MOREL, Defendant**

**v.**

**Getty Images, Inc., et al., Counterclaim Defendants.**

**No. 10 Civ. 02730(AJN).**

United States District Court, S.D. New York.

May 21, 2013.

Joshua J. Kaufman, Venable LLP, New York, NY, Elissa Brockbank Reese, Meaghan Hemmings Kent, Venable LLP, Washington, DC, for Plaintiff.

Emma Jane James, Joseph Thompson Baio, Willkie Farr & Gallagher LLP, New York, NY, Jaime G. Touchstone, Futterman Dupree Dodd Croley Maier LLP, San Francisco, CA, for Defendant.

James Eric Rosenfeld, Marcia Beth Paul, Samuel Bayard, Davis Wright Tremaine LLP, Amin S. Kassam, Devore & Demarco, L.L.P., New York, NY, for Counterclaim Defendants.

*MEMORANDUM AND ORDER*

ALISON J. NATHAN, District Judge:

On January 14, 2013, this Court issued an opinion in the above-captioned case granting partial summary judgment to Defendant Daniel Morel ("Morel") and denying summary judgment to Plaintiff/Counterclaim Defendant Agence France Presse ("AFP") and Third–Party Counterclaim Defendants Getty Images (US), Inc. ("Getty"), and The Washington Post Company ("the Post") (collectively, "Counterclaim Defendants"). *Agence France Presse v. Morel,* 934 F.Supp.2d 547, 2013 WL 146035 (S.D.N.Y.2013). On February 8, 2013, Counterclaim Defendants moved for reconsideration of Section E.1 of that decision, (Dkt. No. 200), which discusses statutory damages under § 504(c) of the Copyright Act. *See* 17 U.S.C. § 504(c). Specifically, Counterclaim Defendants requested reconsideration of the portion of Section E.1 in which the Court concluded that "AFP and Getty are, at most, each liable for a single statutory damages award per work infringed." *Morel,* 934 F.Supp.2d at 582, 2013 WL 146035, at *29.

At a conference on February 22, 2013, the Court determined that the motion for reconsideration standard had been met and ordered supplemental briefing with regard to the question whether, as a matter of law or fact, Morel could be entitled to recover one statutory award per work infringed from AFP and one from Getty, for a total of two awards per work infringed. Finally, on May 7, 2013, the Court heard oral argument on these supplementary submissions. The Court now concludes that, pursuant to § 504(c) of the Copyright Act and as this action has been structured, pled and litigated, Morel is, at most, entitled to receive one award of stat-

utory damages per work infringed in this action.

The Court assumes familiarity with the facts of this case and with the opinion now under reconsideration. Having already determined that reconsideration was appropriate, the Court will limit the current discussion to the merits of the precise issue under review.

## I. The Court's Previous Holding and the Question Presented for Reconsideration

In relevant part, the Court's summary judgment opinion addressed the question whether an infringer (or group of joint infringers) could be held liable for multiple statutory damages awards based on the infringement of a single copyrighted work if that party was jointly liable with a number of other infringers who were not, themselves, jointly liable with one another. *Morel,* 934 F.Supp.2d at 579–82, 2013 WL 146035, at *26–29. The Court held that the liability of an individual or group of individuals for the infringement of any single work could not be multiplied by the number of separate end-point infringers with whom that individual or group was jointly liable. *Id.* at 581–82, at *29 ("The Court concludes that any award of statutory damages against AFP or Getty may not be multiplied based on the number of infringers with whom AFP or Getty is jointly or severally liable.").

At issue on reconsideration is the concluding line of the section of the Court's opinion discussing statutory damages under the Copyright Act, which stated that "AFP and Getty are, at most, each liable for a single statutory damages award per work infringed." *Id.* Counterclaim Defendants argue that this line could be interpreted as allowing Morel to recover more than one statutory award per work infringed in this action, which they argue is incorrect both as a matter of law and under the facts of this case. Practically speaking, Counterclaim Defendants request that the Court clarify whether they are potentially liable for eight statutory damages awards or for sixteen. More specifically, however, the issue on reconsideration is whether, as a matter of law or fact, Morel could elect to pursue one statutory award per work from AFP, alone, for its individual pre-kill notice conduct and a separate statutory award for that same work from Getty for its individual post-kill notice conduct.[1]

The Court concludes, as a matter of law, that, in cases such as this, a plaintiff seeking statutory damages for copyright infringement may not multiply the number of per-work awards available in an action by pursuing separate theories of individual liability against otherwise jointly liable defendants. As with individually liable infringers, the statute authorizes a single statutory award per work for all infringements in an action against jointly and severally liable infringers, regardless of temporal or causal breaks in the course of those parties' infringement of a given work. Moreover, the Court concludes that

---

1. Because the precise issue presented on reconsideration has evolved during the pendency of Counterclaim Defendants' Motion for Reconsideration, it merits noting that the issue now under consideration was raised in Counterclaim Defendants' Motion for Summary Judgment, but not addressed in the Court's previous opinion. *Agence France Presse v. Morel,* No. 10 Civ. 2730(AJN), Counterclaim Defendants' Joint Memorandum in Support of Summary Judgment, Dkt. No. 130, 46–47 ("Because it is undisputed that AFP licensed the photos to Getty Images, which licensed them to the Post, the three defendants, if liable at all, would be liable 'jointly and severally,' and thus subject to only a single statutory damages award for each of Morel's photos in the action.") (citing *Arista Records v. Lime Group,* 784 F.Supp.2d 313, 316 (S.D.N.Y.2011)).

even were the statute amendable to Morel's interpretation, under the facts of the case, taken in the light most favorable to the non-moving party, no reasonable jury could conclude that the kill notice that AFP sent to Getty was sufficient to causally sever Getty's post-kill notice conduct and create an independent infringement of Morel's works.

## II. The Parties' Arguments

In their motion for reconsideration, Counterclaim Defendants argue that "Morel is, at most, entitled to a single statutory damages award per work infringed for a total of eight (8) statutory damage awards against Defendants jointly." (Defs. Br. 6) They argue that this conclusion is correct as a matter of law and fact because: (1) "[n]othing in the statute, legislative history, or case law supports Morel's view that the joint-and-several liability limitation in § 504(c)(1) is *optional* at the election of the plaintiff," (Sup. Reply 2 (emphasis in original)); and (2) even if Morel's reading of the statute was plausible legally, "the undisputed facts establish that there was a single course of infringement," and "any dispute about the sufficiency of the kill notice goes at most to AFP's and Getty Images' state of mind, not to whether a new series of unrelated infringements commenced." (Sup. Reply. 1, 4)

Morel's original position on this motion was that he could seek to recover one statutory award per work from AFP and Getty (as a unit) for their joint infringement and, in addition, recover another statutory award per work from Getty (alone) for its individually wrongful post-kill notice conduct. In his supplementary brief, however, Morel disclaimed his original position and instead "submit[ted] that he is entitled to seek one statutory award per work from AFP for its conduct *and*

one statutory award per work from Getty for its individual violations of the Copyright Act, for a total of up to sixteen awards." (Morel Sup. Br. 1 (emphasis in original)) Morel's position now is that he may present and argue to the jury that he is entitled to one award per work against AFP for its individual conduct—"acquiring wrongfully Mr. Morel's images, disseminating [them] and licensing [them] to other parties," (Tr. 6: 15–17)—and a separate award per work against Getty for its post-kill notice conduct, which, Morel argues, constituted "an independent act on [Getty's] part to engage in a series of licensings that it had no right to do." (Tr. 12: 1–3)

## III. Discussion

"The Copyright Act provides that a copyright owner may elect to receive statutory damages, rather than actual damages, any time before final judgment is rendered." *Morel*, 934 F.Supp.2d at 579, 2013 WL 146035, at *26 (citing 17 U.S.C. § 504(c)(1)). Specifically, the relevant language of the statute provides that:

[T]he copyright owner may elect at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). Pursuant to § 504(c)(2), the maximum award of statutory damages may be increased from $30,000 to $150,000 on a showing of willfulness. 17 U.S.C. § 504(c)(2).

As discussed in the summary judgment opinion, although the "statutory text is not

a model of clarity," its intent "appears to be to constrain the award of statutory damages to a single award per work, rather than allowing a multiplication of damages based on the number of infringements." *Morel,* 934 F.Supp.2d at 580, 2013 WL 146035, at *27. Indeed, the central tenet of the at-issue portion of this Court's opinion was that § 504(c) "provides generally for a single award of statutory damages 'for all infringements involved in the action,' as to any one work." *Morel,* 934 F.Supp.2d at 581, 2013 WL 146035, at *28 (quoting 17 U.S.C. § 504(c)(1)). Although the question now before the Court is different from the one it addressed in its earlier opinion, the statutory language and legislative intent of § 504(c), as well as relevant precedent, again exhort adherence to this same tenet. Accordingly, as noted above, the Court determines that Morel's contention that he may, in this action and with respect to the same work, elect to seek one statutory award from AFP and a separate statutory award from Getty, even though he could alternatively elect to seek a joint and several liability award against them both, fails as both a matter of law and fact.

### A. *Morel's Argument Fails as a Matter of Law*

Morel argues that under the statute, and consistent with this Court's holding, "he should be allowed to seek one statutory award from AFP for its wrongful misappropriation and downstream licensing for every infringed work and one award from Getty for each of Morel's photographs that it licensed after AFP directed Getty to remove the images from all of its systems and to stop using or licensing the works."

(Morel Sup. Br. 3–4) The statutory basis for Morel's argument lies in the terms "elect" and "or"—as in, "the copyright owner may *elect* ... to recover ... an award of statutory damages ... for which any one infringer is liable individually, *or* for which any two or more infringers are liable jointly and severally," 17 U.S.C. § 504(c)(1) (emphasis added). Under his reading of the statute, the "or" in this clause establishes two distinct awards (individual and joint and several), and the copyright holder may "elect" which of these awards to pursue, even if that means seeking an individual award where a joint and several award is available.[2] (Tr. 30: 2–3) Moreover, under his reading, a copyright holder could elect to pursue individual awards against otherwise jointly liable defendants, in a single action, so long as the copyright holder could establish that each or all of those defendants was also individually liable. This argument fails on two fronts: first, the language of § 504(c) does not support Morel's argument that the "copyright holder may elect" to pursue *either* an individual *or* a joint and several award with respect to any given infringer, and, second, in calculating the number of statutory awards available in an action, neither causal nor temporal breaks in infringement give rise to additional awards for the infringement of a single work. The Court will address these in order.

### i. *Morel Cannot Elect to Pursue Either an Individual or a Joint and Several Award with Respect to Any Given Infringer*

"As with any question of statutory interpretation, we begin with the text of the statute to determine whether the language

---

**2.** The following exchange, (Tr. 7: 3–6), took place between the Court and Joseph T. Baio, counsel for Morel:

THE COURT: You want to seek an award against AFP for which you could seek an award jointly and severally against AFP and Getty, but you choose only to seek it with respect to AFP? MR. BAIO: Yes, your Honor.

at issue has a plain and unambiguous meaning." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 108 (2d Cir.2012) (citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). The relevant portion of § 504(c)(1) provides that "a copyright owner may elect ... to recover .... an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1).

Contrary to Morel's position, the best reading of the language of § 504(c)(1) is that the "or," distinguishes between the two factual scenarios in which a copyright holder would be entitled to recover statutory damages for the infringement of his work, rather than that it distinguishes between two types awards or theories of recovery. These factual scenarios are, first, one in which "any one infringer is liable individually," and, second, one in which "two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1); *cf. Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* 658 F.3d 936, 946 (9th Cir.2011) ("Stated another way, a plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable.").

Morel would have the Court focus, however, on the interplay between the "or," and the preceding statutory term, "elect"—as in, "the copyright owner may *elect,*" 17 U.S.C. § 504(c)(1) (emphasis added). (*See* Tr. 30: 2–3 ("It is an election

that the plaintiff can make, your Honor.")). Under Morel's reading, the "elect[ion]" that the copyright owner is permitted to make is between pursuing an individual or a joint award. The better, and in fact only supportable, reading of the plain language of § 504(c)(1) is that the copyright owner's election is to recover statutory damages, under § 504(c), in lieu of actual damages and profits, under § 504(b). While this is apparent from the language of § 504(c)(1), it is even more clear when considered in conjunction with the remainder of § 504,[3] and in particular § 504(a) which limits a copyright infringer's potential liability to either actual damages and profits or statutory damages. 17 U.S.C. § 504(a) ("[A]n infringer of copyright is liable for either— (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."). It is unambiguous, then, that the word "elect" refers to the broader choice between the two categories of awards described in § 504(a), and clarifies that it is the copyright holder who is empowered to make that particular election. *See* H.R.Rep. No. 94–1476, at 161 (1976) ("Recovery of actual damages and profits under section 504(b) or of statutory damages under section 504(c) is alternative and for the copyright owner to elect."); MELVILLE B. NIMMER AND DAVID NIMMER, NIMMER ON COPYRIGHT § 14–01[B] (2012) ("Under the current Act, it is now clear that it is the copyright owner who may, at his discretion, *elect* to recover statutory damages instead of actual damages and profits." (emphasis added)); *see also Morel,* 934 F.Supp.2d at 56, 2013 WL 146035, at *26 ("The Copyright Act provides that a copyright owner may elect to receive statutory

---

**3.** *See U.S. v. Al Kassar,* 660 F.3d 108, 124–25 (2d Cir.2011) ("[W]e read statutes as a whole, with no section interpreted 'in isolation from

the context of the whole Act,' " (quoting *U.S. v. Kozeny* 541 F.3d 166, 171 (2d Cir.2008))).

damages, rather than actual damages, any time before final judgment is rendered.").

■ Because the statutory language of § 504(c) does not establish two categories of awards from which a plaintiff may make an election, whether an award will be individual rather than joint and several is a question of fact not susceptible to the gamesmanship in which Morel is attempting to engage. If a single individual acting alone infringes a work, the award is individual. If multiple infringers acting together infringe a work, the award is joint and several. Nothing in this proposition or in the statutory language permits a plaintiff to make an election that contravenes fact. Accordingly, the Court concludes that, under § 504(c), if two or more defendants in an action have jointly infringed a single work, the copyright holder may not elect to seek a statutory damages award for that joint conduct against one defendant individually in order to pursue a separate award against another defendant for the same work. As the Court will now discuss, this same conclusion holds true even if there is a causal or temporal break in the infringement.

### ii. *Morel is Not Entitled to Additional Awards as a result of the Supposed Causal Break*

Even if Morel could establish that there was a causal break in infringement between the pre—and post-kill notice activity, after which Getty engaged in its own separate course of action, Morel would still not be entitled to recover separate statutory awards from AFP and Getty. As a preliminary matter, in light of the fact that Morel now recognizes that § 504(c) does not permit a copyright holder in an action to pursue both a joint and an individual award against a single defendant, (Morel Sup. Br. 1 n. 1), it follows that a jointly liable defendant's additional individual in-

fringement of the same work would not give rise to a new award. That is, if two or more defendants in an action are jointly liable for infringing a work, because the copyright holder cannot elect to hold any single one of those defendants liable for their joint infringement, an additional award for any of those defendants' individual infringement of that same work would necessarily result in the Court impermissibly awarding two awards against a single defendant.

Moreover, this conclusion is logically consistent with the general statutory intent of § 504(c), which contemplates a single per-work award for *all infringements* in an action and is unconcerned with causal or temporal breaks in infringement. As the Court noted in its previous opinion:

> If a single infringer has engaged in any number of infringements for which that infringer is liable individually, the statute mandates a single statutory award of damages per work infringed. Likewise, if a group ("two or more") of infringers have engaged in any number of infringements for which all are jointly and severally liable, the statute again mandates a single statutory award of damages per work infringed.

934 F.Supp.2d at 579, 2013 WL 146035, at *26 (internal citations omitted). In line with this general limitation on statutory awards, the Court concluded that the liability of an individual or group ("two or more") of infringers for the infringement of any single work could not be multiplied by the number of separate end-point infringers with whom that individual or group was jointly liable. *Id.* at 582, at *29 ("The Court concludes that any awards of statutory damages against AFP or Getty may not be multiplied based on the number of infringers with whom AFP or Getty is jointly and severally liable.").

In relevant part, what this portion of the Court's prior decision highlights is that "Congress intended for the Copyright Act *to treat jointly and severally liable infringers the same way that the statute treats individually liable infringers.*" *Lime Group,* 784 F.Supp.2d at 316 (emphasis in original). In addition, the legislative history makes equally clear that in the context of a "single infringer of a single work," numerosity, causation, and connectedness are irrelevant to determining the number of awards available to a copyright holder. H.R.Rep. No. 94–1476, at 162 ("A single infringer of a single work is liable for a single amount between $[7]50 and $[3]0,000, no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.") (amounts altered to reflect current law); *see also WB Music Corp. v. RTV Comm. Grp., Inc.,* 445 F.3d 538, 540 (2d Cir.2006) ("[Section] 504(c)(1) disassociates the award of statutory damages from the number of infringements by stating that 'an award' (singular tense) of statutory damages is available 'for all infringements in the action' regarding any one work.").

Because jointly and severally liable infringers are treated "the same way" as individually liable infringers, and because neither the number of infringements nor the manner or causal connection of the infringements are pertinent as to individually liable infringers, it follows that a causal or temporal break of the kind Morel describes would have a similar null effect on the calculation of the number of statutory damages awards available to a copyright holder. All of which, in turn, leads back to the central tenet of the Court's summary judgment opinion: that § 504(c) "provides generally for a single award of statutory damages 'for all infringements involved in the action,' as to any one

work." *Morel,* 934 F.Supp.2d at 581, 2013 WL 146035, at *28; *cf. Walt Disney Co. v. Powell,* 897 F.2d 565, 569 (D.C.Cir.1990) ("Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.").

■ This conclusion is also logically consistent with the overall intent of joint and several liability, which allows a copyright holder to sue less than all of the joint infringers of his work(s), but to account for all joint infringers' acts of infringement in determining the value of the statutory award. *See Lime Group LLC,* 784 F.Supp.2d at 316–17; *EMI Enter. World, Inc. v. Karen Records, Inc.,* 806 F.Supp.2d 697, 709–711 (S.D.N.Y.2011). Plainly, in cases like this one, involving claims of secondary liability, a copyright holder need not join all infringers as defendants in order for the Court to consider the actions of the non-party infringers in determining where, within the permissible scale, a statutory damages award should fall. *See, e.g., Arista Records LLC v. Usenet.com, Inc.,* No. 07 Civ. 8822(HB)(THK), 2010 WL 3629688, at *5 (S.D.N.Y. Feb. 2, 2010) (during an inquest on damages, after granting summary judgment in plaintiff's favor on direct and secondary liability, the court looked to the actions of the nonparty subscribers of the defendants' file sharing website in determining the proper statutory damages award); *Lime Group LLC,* 784 F.Supp.2d at 316 ("fact-finder may take into account the number of direct infringers who infringed each of Plaintiffs' copyrighted works"); *cf. Bouchat v. Champion Prods., Inc.,* 327 F.Supp.2d 537, 552–53 (D.Md.2003) (noting that "[s]ection 504(c)(1) speaks of 'infringers,' not parties"). Because the award is joint and several, it already accounts for the all of the acts of all joint infringers—that is "for

all infringements involved in the action," 17 U.S.C. § 504(c).

■ For this same reason, Morel's argument, and indeed much of the discussion of § 504(c) statutory damages, is flawed in that it presumes that an increase or limit on the *number* of available statutory damages awards will necessarily result in an increase or limit on the actual recovery. Although this presumption could be true (particularly on either extreme end of the statutorily permissible scale), in general, the factors that determine the statutory damages calculation [4] are intended to allow a court, in its discretion, to increase the value of an award (up to the statutory maximum) even while the general rules of § 504(c) limit the number of awards available.[5] *See Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir.2010). Consequently, while plaintiffs in scenarios like the one here will be entitled to fewer awards than plaintiffs whose works are infringed by wholly independent actors, courts are permitted to take into account all of the actions of all of the joint infringers in determining where on the scale any given award should fall.[6] *See Lime Grp.*,

784 F.Supp.2d at 317 ("[T]he dollar amount of each statutory damage award that Plaintiffs ultimately receives [sic] can account for the number of direct infringers … [t]hus, Plaintiffs are not actually being deprived of an award that takes into account the number of direct infringers per work."); Nimmer on Copyright § 1401[C][2][a], at n. 19.1 (citing *X–It Prods., LLC v. Walter Kidde Portable Equip., Inc.*, 227 F.Supp.2d 494, 524 (E.D.Va.2002) (noting that the although a "plaintiff may not have his cake and eat it too," the upshot is that the plaintiff "is entitled to the greatest amount recoverable under any single theory pled that is supported by the evidence")). And, of course, a copyright holder may always elect, instead, to pursue actual damages and profits under § 504(b). 17 U.S.C § 504(b).

### B. *Morel's Position also Fails Under the Facts of the Case*

■ As a final matter, even if § 504(c) allowed a plaintiff to isolate what would be joint and several conduct into individual acts of liability, and to seek separate

---

**4.** "When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringers cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant*, 603 F.3d at 144.

**5.** This circumscription on the number of statutory awards and concomitant judicial discretion as to the dollar amount of that award precisely comport with the general statutory intent of § 504. *See* H.R. Rep. 94–1476 at 161 ("The two basic aims of [§ 504] are reciprocal and correlative: (1) to give the courts specific unambiguous directions concerning monetary awards, thus avoiding the confusion

and uncertainty that have marked the present law on the subject, and, at the same time, (2) to provide the courts with reasonable latitude to adjust recovery to the circumstances of the case, thus avoiding some of the artificial or overly technical awards resulting from the language of the existing statute.").

**6.** Goldstein discusses an analogous situation, in which a "game-playing" plaintiff files successive actions to obtain multiple awards for continuing infringements," noting that even were this procedurally feasible, "the rare copyright holder who pursues this route should expect to receive a smaller statutory award in its successive actions than if it sought to recover for these infringements in a single action." 2 PAUL GOLDSTEIN, COPYRIGHT § 12.2.2.2(a); *see also Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 194 n. 9 (1st Cir.2004) (discussing this scenario).

awards on that basis, no reasonable jury could conclude that the facts of this case allow for such a selection. The Court has already determined that AFP and the Post are liable for direct copyright infringement. *Morel,* 934 F.Supp.2d at 564, 2013 WL 146035, *13 ("AFP and the Post raise no other defenses to liability for direct copyright infringement and, in fact concede that if their license defense fails—as the Court has determined that it does—they are liable for direct copyright infringement."). Although the Court determined that questions of fact precluded a determination of Getty's liability for direct infringement or for secondary or contributory liability, there is no factual question as to whether Getty would be liable jointly with AFP and the downstream direct infringers in the event that Getty is found liable—a conclusion that Counterclaim Defendants concede is correct.

The simplified facts, in the light most favorable to Morel, are as follows. On January 12, 2010, AFP provided Morel's photos to Getty, who in turn provided them to the various downstream infringers. On the afternoon of January 14, 2010, AFP issued a kill notice "through AFP's wire and on ImageForum, and it was sent to Getty and to Getty's customers who received AFP's content through Getty's feed." (Morel Sup. Br. 7–8) Getty received the kill notice, but nonetheless continued to distribute Morel's photos.

No reasonable fact-finder could determine that any infringement for which Getty is liable could be wholly independent from AFP's infringement. *See Fitzgerald Publ'g Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110, 1116 (2d Cir.1986) (overturning the district court's decision and holding that the defendants were jointly and severally liable for statutory damages as "the infringement flowed from [their] joint action"); *Abeshouse v. Ultragraphics Inc.,* 754 F.2d 467, 472 (2d Cir.1985) (holding that the defendants, a printer and distributor of an infringing poster, were jointly and severally liable for actual damages). Rather, as Counterclaim Defendants note, Getty's course of conduct involves the distribution of "the same photos, obtained from the same source, through the same medium." (Def. Sup. Reply 4). In addition, the Court has already determined that Morel's contention that Getty received the photos from an alternate source was factually unsupported, and it will not revisit that discussion here. *See Morel,* 934 F.Supp.2d at 572, 2013 WL 146035, at *20. Although Getty's post-kill notice actions may, indeed, speak to willfulness, there is nothing on the record from which a reasonable jury could conclude that the kill notice causally severed the course of infringement such that it could be characterized as "two separate infringements, rather than merely 'a series of ongoing discrete infringements.'" *Shady Records, Inc. v. Source Enters., Inc.,* No. 03 Civ. 9944(GEL), 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005) (quoting *Mason v. Montgomery Data,* 967 F.2d 135 (5th Cir. 1992) (determining that the "unitary language of 'infringement'" as well as the "bundled award" contemplated by § 504(c) revealed Congress' intent to deny any statutory damage award to a copyright holder for a defendant's ongoing infringement "if one of those infringements commenced prior to registration"); *accord U2 Home Entm't, Inc. v. Hong Wei Intern. Trading, Inc.,* No. 04 Civ. 6189(JFK), 2008 WL 3906889, at *14 (S.D.N.Y. Aug. 21, 2008) (rejecting plaintiff's proposal, "require[ing] courts to determine when a series has stopped sufficiently such that the restart constitutes a new series of infringements," as "inferior to the bright-line rule" discussed in *Shady,* 2005 WL 14920, at *21); *cf. Karen Records,* 806 F.Supp.2d at 703 ("[F]or the purpose of determining statu-

tory damages, it is sufficient that at least some infringing sales occurred within the statute of limitations period."). Accordingly, no reasonable jury could conclude that the pre- and post-kill notice conduct constituted "separate infringements for which [AFP and Getty] *are not* jointly and severally liable" and for which "separate awards of statutory damages would be appropriate." *See* H.R.Rep. No. 94–1476 at 162 (discussing the exception to the single per-work award rule) (emphasis added).

## IV. Conclusion

For the foregoing reasons, pursuant to § 504(c) of the Copyright Act and as this action has been structured, pled and litigated, the Court concludes that Morel is, at most, entitled to receive one award of statutory damages per work infringed in this action. To the extent that the *Court's* conclusion in Section E.1 of its summary judgment opinion—that "AFP and Getty are, at most, each liable for a single statutory damages award per work infringed," *Morel,* 934 F.Supp.2d at 582, 2013 WL 146035, at *29—would allow otherwise under the circumstances of this case, it is superseded by this holding. This Memorandum and Order resolves Dkt. No. 200.

Finally, a firm start-date for trial in this matter having been set for September 16, 2013, (Dkt. No. 214), the parties are hereby ORDERED to submit to the Court, within seven days of this being docketed, a proposed timeline for the submission of the pretrial materials discussed in Rule 5 of this Court's Individual Practices in Civil Cases.

SO ORDERED.