**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN T. MAY, | No. 15-16599 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-910-NVW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona,
Neil Wake, Senior District Judge, Presiding

Argued and Submitted April 7, 2017
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,[**] District Judge.

The United States appeals from the district court's order granting, on statute-of-limitations grounds, Stephen T. May's motion for summary judgment in his action for a refund of a penalty imposed by the Internal Revenue Service (IRS). As the parties are familiar with the facts, which are not at issue, we do not recount

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

them here.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The IRS assessed a penalty against May for failure to report a "listed transaction."[1]  The district court concluded that the IRS's imposition of the penalty was time-barred under 26 U.S.C. (I.R.C.) § 6501(c)(10)(A) because the assessment occurred more than one year after May's IRS examining agent came into possession of enough information to justify the penalty.  This was error.

Section 6501(c)(10)(A) provides that the IRS must assess a penalty against a taxpayer who fails to disclose a listed transaction within one year of the date that "the Secretary is furnished the information so required."[2]  The "first step in

---

[1]A "listed transaction" is "a reportable transaction which is the same as, or substantially similar to, a transaction specifically identified by the Secretary as a tax avoidance transaction for purposes of [26 U.S.C. §] 6011."  26 U.S.C. § 6707A(c)(2).

[2]Section 6501(c)(10) provides in full:

> (**10**) **Listed transactions.**—If a taxpayer fails to include on any return or statement for any taxable year any information with respect to a listed transaction (as defined in section 6707A(c)(2)) which is required under section 6011 to be included with such return or statement, the time for assessment of any tax imposed by this title with respect to such transaction shall not expire before the date which is 1 year after the earlier of—
>
> (A) the date on which the Secretary is furnished the information so required, or
> (B) the date that a material advisor meets the requirements of section 6112 with respect to a request by the Secretary under

2

interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Read in isolation, § 6501(c)(10)(A) is unclear to the extent it does not define or explain the terms "the information so required," "is furnished," and "the Secretary." But the subparagraph must be read in the context of the rest of paragraph (c)(10) and in conjunction with I.R.C. § 6011, to which it expressly refers. *Robinson*, 519 U.S. at 341 ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

The meaning of the phrase "the information so required" is made clear by referring back to the introductory paragraph of § 6501(c)(10), which in turn refers to § 6011—explaining that what must be filed to commence the running of the limitations period is that "which is required under section 6011 to be included with [a] return or statement." Section 6011 instructs that taxpayers "shall make a return or statement according to the forms and regulations prescribed by the Secretary" and that "[e]very person required to make a return or statement shall include therein the information required by such forms or regulations." I.R.C. § 6011(a).

section 6112(b) relating to such transaction with respect to such taxpayer.

3

Thus, in §§ 6501(c)(10) and 6011(a), Congress expressly required taxpayer compliance with the IRS's determination of how listed transactions are to be reported.

The IRS exercised its authority to determine how taxpayers shall report listed transactions by implementing Treasury Regulation § 1.6011-4, which provides that "[a] taxpayer required to file a disclosure statement under this section must file a completed Form 8886, 'Reportable Transaction Disclosure Statement' . . . , in accordance with . . . the instructions to the form" and that "[t]he Form 8886 . . . is the disclosure statement required under this section." Treas. Reg. § 1.6011-4(d). Subsection (d) of the regulation thus clarifies that the passive phrase "is furnished" means that the taxpayer must provide the information and that a completed Form 8886 is "the information so required."

Additionally, subsection (e) of the regulation requires taxpayers to send a copy of the Form 8886 to the Office of Tax Shelter Analysis (OTSA) "at the same time that any disclosure statement is first filed." *Id.* § 1.6011-4(e). Thus, subsection (e) explains that the OTSA is the designated delegate of "the Secretary." *See* I.R.C. § 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his delegate."); *id.* § 7701(a)(12)(A)(i) (defining "delegate" to mean "any officer, employee, or agency of the Treasury Department

4

duly authorized by the Secretary . . . by . . . one or more redelegations of authority[] to perform the function mentioned or described in the context").

In sum, § 6501(c)(10)(A)'s reference to "the information so required" under § 6011 functions as an incorporation by reference of the disclosure requirements of Treasury Regulation § 1.6011-4(d), which requires that a taxpayer disclosing a listed transaction do so on Form 8886 and send a completed copy of that disclosure to the OTSA. It is undisputed that May neither filed a Form 8886 nor sent it to the OTSA. For that reason, May failed to do what was required to start the running of the § 6501(c)(10)(A) statute of limitations. Thus, the one-year limitations period of § 6501(c)(10)(A) did not commence, and the IRS's assessment of the penalty was timely.

An interpretation of § 6501(c)(10)(A) in isolation is not "coherent and consistent" with the overall statutory scheme, *see Robinson*, 519 U.S. at 340 (citation omitted), which requires that taxpayers disclose listed transactions on a Form 8886 and send a copy to the OTSA, Treas. Reg. § 1.6011-4(d), (e). Additionally, statutes of limitations "barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government." *Badaracco v. Comm'r,* 464 U.S. 386, 392 (1984) (citation omitted).

May alternatively urges us to decide that the assessment was time-barred under I.R.C. § 6501(c)(10)(B), but we decline to do so because the district court

did not address that issue, which likely requires findings of fact.[3]  Also, because

the meaning of § 6501(c)(10)(A)—when that subparagraph is read in context—is

clear, we do not decide whether Revenue Procedure 2005-26 is entitled to

deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

**REVERSED and REMANDED**.

---

[3] Accordingly, May's motion to supplement the record and strike portions of the United States' reply brief is denied.

No. 15-16599, *May v. United States*

CLIFTON, Circuit Judge, dissenting:

The position advocated by the Government and accepted by the majority exalts form over substance. The Government admitted as much in so many words at oral argument. The statute says that the limitations period starts running on "the date on which the Secretary is furnished the information so required." 26 U.S.C. §6501(c)(10)(a). But the Government insists that it doesn't actually matter when the relevant information was provided to the appropriate IRS agents because the provision of information doesn't count unless it is presented to the IRS on Form 8886. That's not a logical reading of the statute.

It would have been simple to write a statute that stated that the limitations period starts to run on "the date when the taxpayer provides the information to the Secretary on the form specified by the Secretary," but that's not how Congress wrote the statute. Alternatively, it would have been simple for the Secretary to have promulgated a regulation that clearly informed all taxpayers that providing information to the IRS doesn't count unless the information is provided on the specified form. There was no such clearly stated statute or regulation at the time the IRS learned of May's listed transaction, however. In its briefs, the Government traced through 26 U.S.C. § 6011(a), then Treasury Regulation § 1.6011-4, and then Revenue Procedure 2005-26, and then argued that the Revenue Procedure was

entitled to significant deference. That so much effort is needed to support a simple albeit illogical interpretation – that providing the information doesn't count if it's not on the specified form – suggests to me that the interpretation is not one that should be adopted.

I have no quarrel with the Government's position that the taxpayer should be required to provide the relevant information in a coherent form to the appropriate tax agents. An interpretation that started the limitations period as soon as some IRS office, somewhere, had the information or as soon as IRS agents collectively had the information would be both illogical and open to abuse. I don't disagree that it might be appropriate to remand this case to the district court to apply a more precise interpretation of the statute. But I am not persuaded by the Government's interpretation, especially in the context of a civil penalty, and cannot join my colleagues in adopting it.

I respectfully dissent.