# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1172

_____

United States of America

*Plaintiff - Appellee*

v.

Willie Earl Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 13, 2019
Filed: June 12, 2019

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Willie Clark appeals the order committing him to the custody of the Attorney General for hospitalization and mental-health treatment. The statute under which the action was taken, 18 U.S.C. § 4246, authorizes commitment proceedings for prisoners whose sentences are "about to expire." Clark argues that the government did not begin the commitment process until months after his sentence had already

expired, so a necessary condition for his commitment was missing. We agree and reverse the commitment order.

## I.

Clark was in the custody of the Bureau of Prisons for a long time, first for possessing a firearm as a felon and later for the first-degree murder of a fellow inmate. While in prison, he was committed to the custody of the Attorney General for hospitalization and treatment. *United States v. Clark*, 655 F. App'x 521 (8th Cir. 2016) (unpublished per curiam); *see also* 18 U.S.C. § 4245 (authorizing commitment and hospitalization of "a person serving a sentence of imprisonment," which cannot extend past "the expiration of the sentence").

The Bureau determined that his prison sentence was due to end in September 2017. But after an audit in July 2016, the Bureau realized it had made a mistake and had not accounted for the total amount of time that he had spent in custody. Clark's true release date, according to the audit, was October 2015. Rather than release Clark immediately after discovering its error, the government instead filed a petition asking the district court to continue his commitment.

The petition relied on 18 U.S.C. § 4246, which authorizes the district court to commit "a person in the custody of the Bureau of Prisons whose sentence is *about* to expire" if he or she has "a mental disease or defect" that creates "a substantial risk of bodily injury . . . or serious damage to property." 18 U.S.C. § 4246(a), (d) (emphasis added). Clark moved to dismiss the petition because his sentence had *already* expired. The district court committed Clark anyway.

## II.

The circumstances of this case are unusual, but the lone legal question posed by the parties is simple: if Clark's release date had already passed when the

government petitioned the district court to commit him, was his sentence still "about to expire"? *Id.* § 4246(a). The only conceivable answer is no.

The adverb "about," used in this way, refers to something that is on the verge of happening. *See The American Heritage Dictionary of the English Language* 5 (5th ed. 2011); *Webster's Third New International Dictionary* 5 (2002). And the verb "to expire," when referring to a discrete time period like a prison sentence, means to end. *See The American Heritage Dictionary of the English Language*, *supra*, at 624; *Webster's Third New International Dictionary*, *supra*, at 801; *cf. Black's Law Dictionary* 700 (10th ed. 2014). So a prisoner "whose sentence is about to expire," 18 U.S.C. § 4246(a), has one that has not ended yet, but soon will. This clearly does not describe Clark, whose sentence ended months before the government filed its petition.

The government argues, however, that the district court had the authority to commit Clark because the Bureau had not yet released him from custody when it filed its petition. It essentially treats the phrase "about to expire" as the same as "about to be released." On its own terms, this argument is a stretch, but even if it were not, the remainder of the statute forecloses it. The statute consistently uses the word "release" to describe when a prisoner is no longer in custody. *See id.* § 4246(a), (d), (d)(2), (e), (e)(1), (2), (2)(B), (f), (g). The word "expire," by contrast, appears just this once. The natural inference is that when the statute means release, it says so, and when it says "expire," it must mean something else. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) (describing the presumption that different words in the same statute mean different things); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("[W]here [a] document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.").

Related statutes confirm this conclusion. *See generally Wachovia Bank v. Schmidt*, 546 U.S. 303, 315–16 (2006) (explaining that "under the *in pari materia*

canon of statutory construction, statutes addressing the same subject matter generally should be read as if they were one law" (internal quotation marks and citation omitted)); Scalia & Garner, *supra*, at 252. The provision setting out how federal prison sentences operate, for example, says that "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior." 18 U.S.C. § 3621(a). This provision makes clear that even though the expectation is that prisoners will be released when their sentences expire, sometimes it happens earlier, meaning that expiration of a sentence and release from custody do not necessarily happen at the same time. The same distinction appears in the provision addressing release, which says that "[a] prisoner shall be released . . . on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence [for satisfactory behavior]." *Id.* § 3624(a).

The government, doing its best to muddy the water, insists that the phrase "about to expire" is ambiguous because it is impossible to say exactly when an event is about to happen. And because it is ambiguous, the government urges us to interpret section 4246(a) in light of its purpose and conclude that it authorized Clark's commitment. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997); *see also United States v. S.A.*, 129 F.3d 995, 999 (8th Cir. 1997) ("[Section 4246] is a mechanism intended to provide a safeguard to the general public and to ensure that mentally ill and dangerous individuals receive proper treatment.").

But ambiguity is context-specific and its presence elsewhere—under some different set of facts—does not "license" a court to "roam about . . . looking for [ways] to narrow or expand [the statute] through the process of definition." *Demma Fruit Co. v. Old Fashioned Enters.* (*In re Old Fashioned Enters.*), 236 F.3d 422, 426 (8th Cir. 2001) (citation omitted). If the government had attempted to commit Clark at some point *before* his sentence expired—such as one day, one month, or one year before—then applying the word "about" might have presented an interpretive

challenge. Here, however, there is no reasonable way to read the phrase "about to expire" to mean *after* expiration, no matter how hard we squint at the statute.

Even if the government is right that policy considerations and the statute's purpose favor having Clark committed, the plain language dictates a different result. Once Clark's sentence expired without the government having filed its petition, the district court lacked statutory authority to hold a hearing or commit him. *See United States v. Lapi*, 458 F.3d 555, 562 (7th Cir. 2006) (holding that the district court lacked statutory authority for a section 4246 hearing when "the statutory requirement of certification had not been met" and the defendant was no longer in federal custody); *United States v. Baker*, 807 F.2d 1315, 1324 (6th Cir. 1986) ("[B]y failing to adhere to the procedures outlined in section 4246, the district court lacked statutory authority to commit Baker . . . ."). *But cf. United States v. Shields*, 649 F.3d 78, 88–89 (1st Cir. 2011) (holding that the government's one-day delay in petitioning for commitment did not require releasing a defendant committed under 18 U.S.C. § 4248). If, as the government suggests, this means that "Congress enacted into law something different from what it intended," it is up to Congress, not us, to fix it. *Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004).

III.

We reverse the district court's judgment.

_____